UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT SIDNEY JOHNSTON Chapter No. 2060, United Daughters of the Confederacy, ROBIN TERRAZAS, President, JEAN CAROL LANE, First Vice-President | § § § § § | |
| v. | § | CIVIL ACTION NO. |
| RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their Official Capacities as members of the San Antonio City Council, and the CITY OF SAN ANTONIO | § § § § § § § § | 17-cv-01072 |

PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Albert Sidney Johnston Chapter No. 2060 of the United Daughters of the Confederacy, Robin Terrazas, and Jean Carol Lane, submit this their Original Complaint, and show as follows:

I.

Jurisdiction

1. Part IV (Federal Claims) of this action arises under the First, Fifth and Fourteenth Amendments of the United States Constitution and is brought pursuant to the authority provided by 42 U.S.C. §1983 and its jurisdictional counterpart 28 U.S.C. § 1343(a)(3).

2. The actions complained of took place in San Antonio, Bexar County, Texas. Venue is proper in Bexar County, San Antonio Division, Texas pursuant to 28 U.S.C. §1391(b), since Bexar County is where the City Council of San Antonio meets and conducts business.

Venue

3. The unlawful local government actions and other violations of Plaintiffs' rights alleged below were committed in the City of San Antonio, Bexar County, Texas.

II.

Parties

Plaintiffs

1. Plaintiff Terrazas is a citizen of the State of Texas and resides in the City of Helotes, Medina County, and pays taxes in Medina and Bexar Counties. Plaintiff Terrazas is the President of the Albert Sidney Johnston chapter No. 2060.

2. Jean Carol Lane is the First Vice-President of the Albert Sidney Johnston chapter No. 2060. Plaintiff Lane resides in the City of San Antonio, Bexar County.

3. The Albert Sidney Johnston No. 2060 chapter is a member organization of the United Daughters of the Confederacy, and is which is a non-profit organization. The ASJ Chapter No. 2060 is located, and is required by its charter to be located in San Antonio, Texas.

Defendants

4. Defendant City of San Antonio is a municipality organized and existing under the laws of the state of Texas.

5. Defendant Ron Nirenberg is an elected official of the City of San Antonio. He is sued in his official capacity. He is the presiding officer of the San Antonio City Council. The City Council is the governing body of the City of San Antonio. He is generally responsible for the conduct of City Council meetings.

6. Defendant Robert Trevino is an elected official of the City of San Antonio. He is sued in his official capacity. He serves on the San Antonio City Council at the times pertinent to this suit.

7. Defendant William Shaw is an elected official of the City of San Antonio. He is sued in his official capacity. He serves on the San Antonio City Council at the times pertinent to this suit.

8. Defendant Rebecca Viagran is an elected official of the City of San Antonio. She is sued in her official capacity. She serves on the San Antonio City Council at the times pertinent to this suit.

9. Defendant Rey Saldana is an elected official of the City of San Antonio. He is sued in his official capacity. He serves on the San Antonio City Council at the times pertinent to this suit.

10. Defendant Shirley Gonzales is an elected official of the City of San Antonio. She is sued in her official capacity. She serves on the San Antonio City Council at the times pertinent to this suit.

11. Defendant Greg Brockhouse is an elected official of the City of San Antonio. He is sued in his official capacity. He serves on the San Antonio City Council at the times pertinent to this suit.

12. Defendant Ana Sandoval is an elected official of the City of San Antonio. She is sued in her official capacity. She serves on the San Antonio City Council at the times pertinent to this suit.

13. Defendant Manny Palaez is an elected official of the City of San Antonio. He is sued in his official capacity. He serves on the San Antonio City Council at the times pertinent to this suit.

14. Defendant John Courage is an elected official of the City of San Antonio. He is sued in his official capacity. He serves on the San Antonio City Council at the times pertinent to this suit.

### III.

### Facts

*Monument to the Common Confederate Soldier*

1. In the 1890's, the Barnard E. Bee chapter made plans to erect a monument to the common Confederate soldier here in San Antonio. Through bake sales, teas, quilting bees and public entertainments, the Daughters raised the money for the monument between about 1896 and 1900. The monument cost $3,000. In today's money, that sum would amount to much more. According to the U.S. Bureau of Labor Statistics, the value of a dollar since 1900 has increased 2.88% per year, or 2603.3% from 1900 to 2016. That

would make the replacement of the monument in 2016 dollars about $81,098. But, its primary value lies in its historical and artistic value, which is difficult to measure.

2. In 1899, the Barnard Bee chapter placed a time capsule under the foundation of the monument. That time capsule included: 1) the roster of the Barnard E. Bee chapter, 2) several Confederate bills and coins, 3) a Confederate flag bearing the name of Jeff Davis with a wreath of violets, 4) pressed flowers from the coffin of Winnie Davis, 5) some daily newspapers, and 6) an old testament used by a Southern prisoner while held at a Northern prison during the Civil War. San Antonio *Daily Light*, June 4, 1899, p. 1, col. 6. There may have been other items placed in the time capsule.

3. The monument was hand crafted by the well-known sculptor, Frank Teich. It was designed by a daughter of a member of the Barnard Bee chapter, Virginia Montgomery. Virginia Montgomery would later become a well known artist in New Orleans. Virginia's mother, Julia Montgomery, a former member of the Barnard Bee chapter, was a long-time teacher here in San Antonio and in New Orleans. Virgina Montgomery was the first woman to design a monument in the country. Both Virginia and Julia espoused the views of the United Daughters of the Confederacy that women had an important role to play in American society.

4. Engraved on the monument were the words, "Lest We Forget - Our Confederate Dead." The words come from a poem by Rudyard Kipling which asks that we not forget deceased veterans or departed leaders. The monument did not mention the Confederate States of America. It did not mention any leader of the former Confederate States of America. On the corner stone was engraved the words, "Barnard E. Bee Chapter."

5. By ordinance dated March 27, 1899, San Antonio City Council granted to the Barnard Bee chapter the right to use the land in the center of Travis Park for the placement of the Common Confederate soldier monument. The foundation was then laid in the center of Travis Park on June 3, 1899. The statue was placed in the center of Travis Park by the Bernard E. Bee chapter in 1900. The City of San Antonio gave use of the land underneath the monument to the Barnard E. Bee chapter in 1899 in "perpetuity."

*Albert Sidney Johnston Chapter No. 2060*

6. The Albert Sidney Johnston chapter No. 2060 was formed on May 27, 1932. It was formed to honor the memory of Confederate veterans and to assist the needy family

4

members of Confederate veterans. The chapter also formed, in order to record the contributions of women during the War and Reconstruction and to help preserve historic artifacts and locations.

7. In 1972, the Albert Sidney Johnston chapter No. 2060 succeeded to the property and interests of the Barnard E. Bee chapter, as United Daughters of the Confederacy, San Antonio chapter. The Barnard E. Bee chapter closed due to declining membership. It transferred its property and interests to the ASJ No. 2060 chapter at that time.

*Removal of the Statue*

8. In June, 2017, the ASJ 2060 chapter became aware that the San Antonio City Council was moving closer to a decision regarding the Travis Park monument.

9. The President of the ASJ chapter no. 2060, Robin Terrazas, attempted to meet with the Mayor, Ron Nirenberg. Mayor Nirenberg declined to meet with Mrs. Terrazas. Instead, the Chief of Policy for the Mayor, Marisa Bono, spoke with Plaintiff Terrazas on the telephone. Ms. Bono was not able to discuss alternatives to removal. She could offer no information. She simply suggested to Ms. Terrazas that she appear at a City Council meeting, like any other public citizen.

10. On August 31, 2017, the City Council voted 10-1 to remove the monument from Travis Park. The City Council approved Ordinance No. 17-4900 authorizing the removal of the Travis Park monument and the two cannons flanking the monument. In so doing, the mayor abbreviated the normal process, avoiding review by the Governance Committee. The Governance Committee would have included review by the Historic Design and Review Commission.

*Accusations of Racism and Slavery*

11. During its deliberations on Aug. 31, Councilman Shaw and Trevino suggested the Travis Park monument represented racism and slavery.

12. At the conclusion of the City Council's deliberations, Mayor Nirenberg said clearly that the monument to the common Confederate soldier represented racism and slavery. The Mayor said it represented a "lost cause." He said the memorial to a common soldier "defended" racism and slavery. He said the monument glorified the "darkest chapters" in our history. Yet, the common soldier statue contained no marking or signage which referred to the former Confederate States of America or to any former leader of the CSA.

5

These accusations of slavery and racism were directed toward the statue, the Barnard E. Bee chapter and the UDC.

13. The Sons of Confederate Veterans filed a lawsuit to stop the removal. On Sept. 19, Judge David Ezra denied the motion for temporary restraining order. That action occurred in Cause No. 17-cv-00837. Later that night, the monument and cannons were removed.

14. Neither the Barnard E. Bee chapter or the ASJ No. 2060 chapter ever gave or donated the common Confederate soldier monument to any entity. The Travis Park statue remained at all times the property of the UDC, the Barnard Bee chapter and later of the Albert Sidney Johnston No. 2060 chapter.

15. The common Confederate soldier monument from Travis Park cannot be replaced. It has historical significance apart from its monetary value. The members of the ASJ chapter No. 2060 also feel an emotional connection to the monument. It was erected by the prior generation members of the same organization. From woman to woman for 118 years, they have passed down stories and memories of the monument and the patriotic values it represents.

16. The members have conducted various ceremonies at the statue since it was erected in 1900. In 1999, the chapter re-dedicated the monument.

*Exclusion of the UDC*

17. The mayor said he wanted to have a community discussion about the statue. As of the date of the filing of this legal action, the City has still failed to discuss the status of the chapter's statue with the ASJ No. 2060 chapter. The Daughters have no idea where their statue is or in what condition it may be in. The members of the ASJ chapter No. 2060 have no idea where their time capsule is or where the contents are. The UDC has been excluded from the community discussion.

18. After the vote to remove the statue, the mayor's office has failed to respond to emails and phone messages from the chapter President, Robin Terrazas about the statue.

19. The City jack hammered the shaft of the statue as part of the removal process. It appears the City damaged the property belonging to the AJS No. 2060 chapter. No person from the City notified the ASJ No. 2060 chapter that the City would be removing the statue. No member was allowed to monitor the removal of their property.

6

20. Pres. Terrazas and other members of the ASJ chapter No. 2060 have attempted to discuss the monument with the members of the City Council and the Mayor. But, since the removal, no UDC member has heard from the City about their monument. The City of San Antonio believes the statue belongs to the City. But, it has never discussed the basis for its belief with any member of the ASJ chapter No. 2060.

IV.

Claims for Relief

Federal Claims

1. Plaintiff realleges and incorporates by reference above paragraphs I-III. The Defendants by and through their conduct set out above have acted under the color of statutes, ordinances, regulations, customs, or usages of the City of San Antonio and the State of Texas and have caused Plaintiffs to be deprived of its rights, privileges or immunities secured by the United States Constitution, particularly the First, Fifth, and Fourteenth Amendments thereto, and this action is brought pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343 (3) to redress the said Constitutional deprivations.

2. Plaintiffs have been injured and damaged as set out above. Defendants have deprived Plaintiffs of their property without procedural due process. The Defendants have damaged valuable historic property belonging to the Plaintiffs without just compensation.

3. The Barnard E. Bee chapter and later the ASJ chapter No. 2060 occupied the real property beneath the Travis Park monument and enjoyed use of that property for 118 years. The City has deprived the ASJ chapter No. 2060 of the use of that real property without due compensation. The City has deprived the ASJ chapter No. 2060 of the continued use of that real property without procedural due process. The City has taken the statue and the time capsule from the ASJ chapter No. 2060 without procedural due process. The City omitted normal processes and refused to include the Plaintiffs in discussions about property belonging to the ASJ Chapter No. 2060. Plaintiffs seek declaratory relief regarding these deprivations.

WHEREFORE, plaintiffs pray for judgment against the defendants for all money damages allowed by law; together with injunctive relief as more particularly requested below, and an award of reasonable attorney's fees and cost.

V.

## State Law Claims

### Conversion

1. Plaintiff realleges and incorporates by reference above paragraphs I-IV. Plaintiffs have always owned the Travis Park statue and the time capsule since the statue was erected. The City of San Antonio did on Sept. 19, 2017, acting by and through the City Council, its governing body, exert dominion and control over the Travis Park monument, its base and the historical artifacts contained within the base. The City then removed Plaintiffs' property without allowing Plaintiffs to monitor the removal, so as to ensure minimal or no damage occurred. It acted in ways to deprive the Plaintiffs of their ownership rights in the monument and the time capsule. The Defendants did not compensate the Plaintiffs for the loss of their valuable, historic and sentimental property.

2. By its this conduct, the City of San Antonio committed the tort of conversion. Plaintiffs requested return of its property, but received no response. Plaintiffs have been injured and damaged as set out above.

WHEREFORE, Plaintiffs pray for judgment against the City of San Antonio and Mayor Nirenberg for actual, compensatory and punitive damages in an amount exceeding, exclusive of interest and costs, the sum of $75,000.

VI.

1. Plaintiff requests a jury trial on all issues triable by a jury.

   WHEREFORE, Plaintiffs pray for:

   (a) Return of its property, or just compensation for the loss if its property;

   (b) compensatory damages;

   (c) punitive damages;

   (d) attorney's fees, litigation expenses and costs;

   (e) Declaratory and injunctive relief as follows: that Defendant be enjoined from depriving the Plaintiffs of their use of the Travis Park property and that the monument and time capsule be replaced in Travis Park; and

   (f) Such other and further relief, at law and in equity, as the Court deems necessary and appropriate to correct the violations of due process complained of above.

Respectfully submitted,

*Thomas J. Crane*
Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
110 Broadway, Suite 420
San Antonio, Texas 78205
(210) 736-1110
(210) 745-4258 Fax
tom@cranelawyer.net

Attorney for Plaintiffs