IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT SIDNEY JOHNSTON Chapter No. 2060, United Daughters of the Confederacy, ROBIN TERRAZAS, President, JEAN CAROL LANE, First Vice-President<br><br>v.<br><br>RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their official capacities as Members of the San Antonio City Council, and the CITY OF SAN ANTONIO | § § § § § § § § § § § § § § § § § § § | 5:17-CV-1072-DAE |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
AND SUPPLEMENTAL FOR LEAVE TO SUBMIT
THIRD AMENDED COMPLAINT**

TO THE HONORABLE DAVID A. EZRA:

Now come RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their official capacities as Members of the San Antonio City Council, and the CITY OF SAN ANTONIO, Defendants, and make this Response to Plaintiffs' motion [**Doc.9**] and supplemental motion [**Doc.26**] for leave to file Third Amended Complaint, and would show the following:

1.       Plaintiffs seek leave to file a third amended complaint. Their proposed third amended complaint [*See* **Doc.9-1**] seeks to add a claim for alleged violation of equal protection rights secured by the 14th Amendment. **Doc.9-1**, p.8 para.V.2. Perplexingly, Plaintiffs also seek leave to amend to assert an alleged violation of their First Amendment right to free expression – a claim which, although arguably supported by their current pleading, they have vigorously disavowed in recent proceedings in this case. *See* **Docs.23, 24, 28**.

2.       Although vested with discretion to grant or deny leave under Rule 15, this Court "must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (*quoting Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (Abuse of discretion standard). The Court will not abuse its discretion, however, if it denies leave to amend where "there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). Denying leave to amend is not an abuse of discretion when the amendment would be futile. *Stripling.* Here, the Court would not abuse its discretion by denying leave to amend on the basis of futility and improper motivation.

3.       Plaintiffs' proposed equal protection allegation is futile because it fails to state a claim. It is a conclusory phrase that finds no pleaded factual support. **Doc.9-1 p.8**. Plaintiffs fail even to identify a similarly situated person, let alone one Defendants treated differently than Defendants treated Plaintiffs.

4.       The procedural due process claim alleged in Plaintiffs' proposed third amended complaint is futile because it is no more viable than the due process allegations in their active,

First Amended Complaint. Plaintiffs do not allege what process was due that they were not afforded. Plaintiffs fail to allege they were not afforded the opportunity to be heard at a meaningful time and in a meaningful manner. *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). They have not and cannot in good faith allege they lacked actual notice that an ordinance directing the removal of the statue would be introduced or that they were unable to appear before City Council to argue against the ordinance prior to its adoption. *See Schafer v. City of New Orleans*, 743 F.2d 1086 (5th Cir. 1984); **Docs.16-2, 16-3**. Accordingly, allowing Plaintiffs to amend their complaint to re-assert a procedural due process claim that could not survive a motion to dismiss (and that is unripe, as discussed below) would be futile.

5. Allowing Plaintiffs to amend their pleadings in order to state a First Amended claim at this time would be to reward gamesmanship. Plaintiffs served on Defendants a pleading invoking the First Amendment [*See* **Doc.4**] and then disavowed any First Amendment claim in an effort to overcome the Court's denial of their motion for preliminary injunction. **Docs.17, 23, 24, 28**. This game of peek-a-boo reflects the type of dilatory motive and bad faith that defeats the presumption district courts must entertain when ruling on motions for leave to amend.

6. The Plaintiffs' proposed amendments to their First Amendment allegations are futile because they fail to state a claim recognized by law. Plaintiffs propose to allege that the Defendants violated their right to free expression by removing the monument. However, the proposed amendment fails to allege how the monument is their (i.e. Plaintiffs') expression. It fails to even allege what the monument expresses, as opposed to what it meant to Plaintiffs. Plaintiffs would allege Plaintiff ASJ is the current owner of the monument. That may be enough to allege an unripe takings (discussed below), but being deprived of property that was someone else's expression is not a denial of rights protected by the First Amendment.

7.      Plaintiffs' proposed third amended complaint does not allege how removal of the monument prevented or prevents Plaintiffs from expressing themselves on the issues they believed the monument represented or the values it represents to them. The proposed pleading does not even state what the Plaintiffs were allegedly expressing through the monument, much less how they are no longer able to do so. "[T]he First Amendment does not guarantee the right to employ every conceivable method of communication at all times and in all places." *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 812 (1984). Plaintiffs are free to gather, obtain a parade permit, hand out literature, continue to pass down stories and share memories of the monument and the patriotic values it represents to them, and use Travis Park to express themselves just like any other person may use it. **Doc.9-1 p.6**. Plaintiffs' proposed amendment lacks any non-conclusory allegation to the contrary. The only alleged difference between their ability to express themselves before removal of the monument and after removal of the monument seems to be the absence of physical property.

8.      Plaintiffs would allege the removal of the monument violates a non-profit corporation's right to exercise free speech on its own property. **Doc.9-1 p.7**. Assuming for the sake of argument that ASJ owned or controlled the property, which it did not, then Plaintiffs' claim is for the taking of property rights – i.e., the right to put private property to whatever use the owner wishes. Plaintiffs can point to no authority suggesting a claim like ASJ's should be treated as a First Amendment claim rather than a Fifth Amendment takings claim. It's the difference between banning flag burning and taking away the flag. Plaintiffs' proposed pleading concedes this point: the first thing Plaintiffs allege with respect to the violation of First Amendment rights is that "the defendants do not have the lawful authority to order the plaintiff [sic] to remove the Confederate Monument from its' [sic] private property or easement." **Doc.9-1 p.7**. That is a takings claim.

9. If Plaintiffs' alleged ownership of the statue or the ground beneath it confers some kind of special First Amendment right of property owners to express themselves on their own property, as Plaintiffs allege [*See* **Docs.9 p.2, 9-1 p.7, 24, 26 pp.5-6, 28**], then they will have to prevail on the issue of ownership. If they don't own it, then their novel theory of private property owners' First Amendment rights is baseless. But the issue of ownership is inextricably tied to Plaintiffs' takings and procedural due process claims. As briefed in Defendants' motion to dismiss [**Docs.15, 20**], Plaintiffs' takings and procedural due process claims are premature and must be dismissed until Plaintiffs exhaust remedies available under Texas law. Allowing a First Amendment claim predicated on special expressive rights of property owners to proceed while Plaintiffs bear the sizeable task of proving ownership in the state courts could lead to the rendition of conflicting judgments.

10. Plaintiffs seek to distance their allegations from *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) on the basis that Plaintiff ASJ owns the monument. Since ASJ owns it, Plaintiffs argue, displaying the monument in Travis Park cannot be government speech. Plaintiffs, however, miss the point of *Summum*, which focused not on the monuments' ownership but rather on whether a reasonable observer would view the monument to be a statement by the government, *even if it had been erected by private persons*. If a reasonable observer could perceive that the monument was the city's statement, then the city was free to treat it as government speech. *Id*. at 471; *see also Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239 (2015). Plaintiffs do not allege there was anything about the Travis Park monument that would cause reasonable persons to perceive it as *not* belonging to the City and conveying the City's message. *Compare Freedom from Religion Foundation, Inc. v. Abbott*, 2016 WL 7388401, at *5 (W.D.Tex. 2016) (Art "exhibit expressly states it is privately funded

and not endorsed by the government, [therefore] reasonable citizens would not assume the exhibit 'convey[ed] some message on the [government's] behalf.'") (*quoting Summum*, 555 U.S. at 471) (alterations original).

11. The proposed amendment would be futile because the individual Plaintiffs lack standing. The proposed Third Amended Complaint does not contain sufficient facts to plausibly show Plaintiffs Terrazas and Lane have standing to assert the claims they would assert. Neither alleges ownership of the monument or the alleged time capsule. Neither alleges she has been prevented by Defendants from expressive activity. Terrazas is not a resident of the City of San Antonio and does not allege she pays property taxes to the City. Lane claims to live in San Antonio but, like Terrazas, does not allege she pays property tax to the City. Paying sales tax does not confer taxpayer standing. *Williams v. Lara*, 52 S.W.3d 171, 180 (Tex. 2000). Neither individual sues to stop the allegedly illegal expenditure of tax revenue. Accordingly, allowing Plaintiffs to file the proposed Third Amended Complaint would be to perpetuate futile claims by the individual Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs' motion to amend will be denied.

Respectfully submitted,

_____
Shawn Fitzpatrick
SBN 00787474
FITZPATRICK & KOSANOVICH, P.C.
PO Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793
skf@fitzkoslaw.com

## CERTIFICATE OF SERVICE

      I certify service of a true and correct copy of this instrument on the following person on February 8, 2018, through the Court's electronic filing and notification system:

Thomas J. Crane

                                                                                                              _____
                                                                                                                Shawn Fitzpatrick

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT SIDNEY JOHNSTON Chapter No. 2060, United Daughters of the Confederacy, ROBIN TERRAZAS, President, JEAN CAROL LANE, First Vice-President<br><br>v.<br><br>RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their official capacities as Members of the San Antonio City Council, and the CITY OF SAN ANTONIO | §§§§§§§§§§§§§§§§§§ | 5:17-CV-1072-DAE |

**ORDER DENYING PLAINTIFFS' MOTION
AND SUPPLEMENTAL FOR LEAVE TO SUBMIT
THIRD AMENDED COMPLAINT**

TO THE HONORABLE DAVID A. EZRA:

Came on to be heard Plaintiffs' motion [**Doc.9**] and supplemental motion [**Doc.26**] for leave to file Third Amended Complaint, and the Court finds it should be denied.

It is, therefore, ORDERED, that Plaintiffs' Plaintiffs' motion [**Doc.9**] and supplemental motion [**Doc.26**] for leave to file Third Amended Complaint are hereby DENIED.

Signed on this the ___ day of _____, 2018.

_____
THE HON. DAVID A. EZRA