UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT SIDNEY JOHNSTON Chapter No. 2060, United Daughters of the Confederacy, ROBIN TERRAZAS, President, JEAN CAROL LANE, First Vice-President | § § § § § | |
| v. | § | CIVIL ACTION NO. SA-17-CV-1072-DAE |
| RON NIRENBERG, in his Official Capacity as Mayor of the City of San Antonio, and ROBERT TREVINO, WILLIAM SHAW, REBECCA VIAGRAN, REY SALDANA, SHIRLEY GONZALES, GREG BROCKHOUSE, ANA SANDOVAL, MANNY PALAEZ, and JOHN COURAGE, in their Official Capacities as members of the San Antonio City Council, and the CITY OF SAN ANTONIO | § § § § § § | |

PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO MOTION FOR LEAVE
TO SUBMIT
THIRD AMENDED COMPLAINT

Plaintiffs, Albert Sidney Johnston Chapter, Robin Terrazas, and Jean Carol Lane, submit this their Reply to Defendants' Response (Dkt #29) to Plaintiffs' Motion for Leave to Submit Third Amended Complaint, and show as follows:

1. Plaintiffs filed their Original Complaint on Oct. 23, 2017. Plaintiffs amended the Complaint on Oct. 25 and again on Nov. 6, 2017. Plaintiffs erroneously submitted their Second Amended Complaint without leave of court before the Defendant filed its Answer. Plaintiffs submitted their motion seeking leave to file Plaintiffs' Third Amended Complaint on Nov. 20, 2017. Dkt. #9. Plaintiffs submitted a Supplement to their Motion to Amend on Feb. 1, 2018 (Dkt #26). Defendants then submitted its response (Dkt #29) to the motion itself on Feb. 8, 2018.

1.The Defendants have failed to construe Plaintiffs' allegations in favor of the non-movants.

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.Pro. Rule 15(a)(1)(2). Rule 15(a) has been interpreted to mean leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the movant, or the amendment would be futile. *Luber v. Harvey*, 438 F.3d 404, 426-427 (4th Cir. 2003); see, also, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (Affirming the trial court's denial of leave to amend where the movant sought to amend and add a DTPA claim some nine months after initially filing the lawsuit and just before summary judgment was to be filed). The Defendants have now responded to Plaintiffs' Motion to Amend, but they have articulated no prejudice. They rely on arguing that the amendment would be futile. But, to arrive at the conclusion of futility, Defendants construe the allegations *against* the Plaintiffs and in favor of the Defendants.

In determining whether a motion to amend was improperly denied, courts will look to see if the proposed amendment would survive a motion to dismiss. *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003) (Citing Wright & Miller, the Court defines "futile" as whether the amendment would survive a motion to dismiss); *National Wrestling Coaches Assoc. v. Dept. of Education*, 366 F.3d 930, 945 (D.C.Cir. 2004) (in ruling on a motion to amend, courts determine whether the proposed amendment would survive a motion to dismiss); *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face"). The court's function when reviewing a Rule 12(b)(6) motion to dismiss is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Shandong Yinguang Chemical Industries Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court construes facts in the light most favorable to the nonmoving party, "as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). Regarding Plaintiffs' motion to amend, the

2

Defendants have construed *no* pleaded facts in favor of the non-movants.

Indeed, the Defendants have construed the facts of Plaintiffs' Third Amended Complaint in favor of the Defendants. For example, they conclude that the Plaintiffs received adequate notice that the City would remove their monument and time capsule. Def's Response (Dkt #29), p. 3. They construe the facts against the Plaintiffs when they conclude the Plaintiffs have failed to show how the Confederate monument expressed free speech rights belonging to the ASJ chapter. Defs' Response, p. 3. They construe the facts against the Plaintiffs when they conclude that the Plaintiffs' due process claim did not sound in terms of a "final" agency action, so as to not fall within the purview of *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The Defendants construe the facts against the Plaintiffs when they conclude that the Plaintiffs' due process claims were not ripe. Defs' Response, p. 3-4.

Plaintiffs' Nov. 20 Motion for Leave to Amend (Dkt #9) and Plaintiffs' Feb. 1 Supplement to the Mtn to Amend (Dkt #26) both describe the patriotic values the Travis Park statue represents to the ASJ chapter. Plaintiffs' proposed Third Amended Complaint discusses the fact that the statue was the first designed by a female artist in the United States. Ex. A, Third Am. Compl., p. 3, para. 3. The statue represents the important role women have to play in American society. *Id.* The Third Amended Complaint refers to the famous poem by Rudyard Kipling, "Lest we Forget," which espouses recognition of deceased veterans. Ex. A, Third Am. Compl., p. 3, para. 4. The Third Amended Complaint explains that the statue commemorated the sacrifice of the common Confederate soldier. *Id.* The Third Amended Complaint mentions that the ASJ chapter was formed to recognize Confederate veterans and the contribution of women during the Civil War and during Reconstruction. Reconstruction was a time of substantial financial privation across the South. Ex. A, Third Am. Compl., p. 3, para. 6. The Third Amended Complaint mentions the bond the current female members of the chapter feel for their predecessors from generation to generation of female members of the two chapters which center on the Travis Park monument. Ex. A, Third Am. Compl., p. 5, para. 15. The statue

represents support for women and for veterans. This is the free speech represented by the statue. The Defendants have wholly failed to construe the allegations in favor of the Plaintiffs. It has disregarded the several statements expressing the patriotism the monument represents as well as support for women in general.

       The Defendants have accused the Plaintiffs of pleading a First Amendment claim and then later "disavowing" any First Amendment claim. Defs' Response, p. 3. But, the Defendants point to no substantive provision in any document filed by Plaintiffs that supports a First Amendment claim. The Defendants point to one word on page 1 of Plaintiffs' First Amended Complaint (Dkt #4), while overlooking the removal of that very word in Plaintiffs' Second Amended Complaint (Dkt #5). The Plaintiffs evinced an intention to remove First Amendment claim when they submitted their Second Amendment claim without that word, "First." Even assuming the one word in Dkt #4 somehow coveys a First Amendment claim, the body of the First Amended Complaint incudes no allegations which support such a claim. The Defendants appear to seek to confuse the Court by pointing to one word which lacks any support in the remainder of the document. And, again they construe the pleaded facts in favor of the Defendants, not in favor of the Plaintiffs.

       The Defendants accuse the Plaintiffs of "gamesmanship" in submitting its Third Amended Complaint and of playing "peek-a-boo." This attorney admits he does not understand the reference to "peek-a-boo" and does not understand of what games the Plaintiffs are accused. Plaintiffs admit they understood from the inception of this lawsuit that free speech as discussed in *Pleasant Grove v. City of Summum*, 555 U.S. 460, 129 S.Ct. 1125 (1999), would not apply to the Travis Park statue. But, Plaintiffs only came to understand later that the Travis Park statue is different than the decision in *Pleasant Grove*, because the land beneath the monument was given to the BEB chapter in 1899 for the use of the monument. That subsequent understanding led to the motion to amend to add a claim based on free speech. As Defendants have allowed, Plaintiffs' Sec. 1983 claims are complicated. *See,* Defs' Reply re Defs' Second Mtn Dismiss (Dkt #19), p. 4 ("This area of law is difficult to navigate"); Defs' Response (Dkt #27), p. 2 ("like tracking the pea in a shell game"); Defs' Response (Dkt #29), p. 3 (accusations of

4

gamesmanship). Defendants have not construed Plaintiffs' allegations in favor of the non-movants.

Plaintiffs submitted their Motion for Leave to Amend on Nov. 20, 2017. The Defendants had not yet submitted an Answer to this lawsuit by that date. Three months later, they still have not submitted an Answer. Yet, Defendants argue that Plaintiff have been "dilatory" in seeking an amended complaint. Defs' Response (Dkt #29), p. 3. Defendants again fail to provide any basis for that accusation. Plaintiffs submitted their request to add a claim based on the First Amendment as soon as they realized they had lawful right to use the land beneath the Travis Park statue. This lawsuit has barely started. Discovery still has not begun. Even if Plaintiffs had been "dilatory" in some way, the Defendants have not shown how any alleged delay has caused harm to Defendants. Defendants again have not construed the allegations in favor of the non-movants.

2. Defendants mis-construe Plaintiffs' allegations.

Defendants mis-construe Plaintiffs' argument regarding free speech. See Defs' Response, p. 5, para. 10. Plaintiffs do *not* claim they have First Amendment right because they own the statue. They claim First Amendment rights because they *control* the land beneath the statue as an easement or as a license. As Plaintiffs mentioned in their Supplement to the Mtn to Amend, a person has some free speech protection when expressing his/her speech on *private* property, not public property. *See, e.g., Spence v. Washington*, 418 U.S. 405, 409, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974) (Finding that a state statute that prohibited a person from hanging a privately owned U.S. flag from his apartment upside down, with a peace symbol taped on the flag violates the First Amendment). There are few decisions regarding free speech on private property, apparently because not many governmental entities have sought to challenge free speech on privately controlled property. *Pleasant Grove* applies to public spaces. The center of Travis Park is *not* a public space as used by the Daughters to express patriotism and support for women.

Defendants also claim the Plaintiffs have not claimed ownership of the statue and time capsule in their Third Amended Complaint. Defs' Response (Dkt #29), p. 6. Yet, the Third Amended Complaint does indeed state the Daughters own the monument and time

5

capsule:

- The Third Amended Complaint provides that the Daughters raised the funds for the statue bake sales, teas, quilting bees and public entertainments. Ex. A, Third Am. Compl., p. 2, para. 2.
- It describes how the BEB chapter placed a time capsule in the foundation of the monument. Ex. A, Third Am. Compl., p. 2, para. 2.
- It explains how the chapter placed specific items in the time capsule. *Id.*
- The Third Amended Complaint explains that the words, "Barnard E. Bee Chapter" was engraved on the foundation. Ex. A, Third Am. Compl., p. 3, para. 4.
- The Third Amended Complaint explains the chapter, not some other entity. placed the statue in the center of Travis Park. Ex. A, Third Am. Compl. P. 3, para. 5.
- It explains that the City gave the land to the chapter. Ex. A, Third Am. Compl., p. 3, para. 5.
- The Third Amended Complaint explains that the members of the BEB chapter and the ASJ chapter never gave or donated the monument to any entity. It explaines that the monument remained at all times the property of the United Daughters of the Confederacy, the BEB chapter and later the ASJ chapter. Ex. A, Third Am. Compl., p. 5, para. 14.
- The Third Amended Complaint explains that the members of the two chapters have used the statue for various functions since its erection. The Third Amended Complaint explains that the members of the ASJ chapter feel an emotional connection to the monument. Ex. A, Third Am. Compl., p. 4, para. 14 and 15.
- The Third Amended Complaint refers to the statue as "their" statue, meaning belonging to the Daughters several times. See Ex. A, Third Amended Complaint:
    - p. 5, para. 17 (referring to "their statue" and to "their time capsule");
    - p. 5, para. 18 ("their property"); p. 5, para. 20 ("their monument");
    - p. 6, para. E ("their private property or easement");
    - p. 7, para. F ("their private property or easement");

- o p. 7, para. 2 ("their property");
- o p. 8, para. 1 ("their ownership rights in the monument and time capsule" and "their valuable, historic and sentimental property").

The Third Amended Complaint explains that the BEB chapter and later the ASJ chapter raised the money for the monument, collected the items for the time capsule, placed the time capsule inside the foundation, carved its name into the foundation, and then enjoyed the monument as an owner for over 100 years. The chapter in all ways acted as owner of the statue and the time capsule. The Third Amended Complaint states affirmatively that no chapter ever gave the statue to some other entity. The Defendants have wholly failed to construe the pleaded facts in favor of the non-movant.

3. The Plaintiffs have standing to bring this action.

For the first time, Defendants claim Plaintiffs lack standing to bring this suit. Defs' Response (Dkt #29), p. 6. The Defendants do not explain why the Plaintiffs need to pay municipal taxes to have standing. Generally speaking, "[b]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction of the court must establish the requisite standing to sue." *Triple Tee Golf, Inc. v. Nike, Inc.*, 618 F.Supp.2d 586, 593 (N.D. Tex. 2009) (quoting *Ehm v. San Antonio City Council*, 269 Fed.Appdx. 375, 376 (5th Cir. 2008). To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and re-dressable by a favorable ruling. *Horne v. Flores*, 557 U.S. 433, 129 S.Ct. 2579, 2592, 174 L.Ed.2d 406 (2009). The critical question is whether at least one petitioner has "alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Id.* Here, the allegations include that the ASJ chapter succeeded to the interests of the BEB chapter of the Daughters of the Confederacy. Robin Terrazas, according to the Third Amended Complaint, is the president of the ASJ chapter. Jean Carol Lane, according to the Third Amended Complaint, is the First Vice-President of the ASJ chapter. Ex. A, Third Am. Compl., p. 2, paras. 1 and 2. The two named plaintiffs and the chapter as a whole claim ownership of the monument and the time capsule. For purposes of a motion to amend, which is tested by a motion to dismiss, the allegations state a claim upon which relief

7

may be granted. The President and First Vice-President have a personal stake in the outcome of the suit, as does the chapter as a whole. The two named plaintiffs also have standing as named representatives of an organization. So-called "associational standing" recognizes that one person with standing will show standing for the entire organization. *Lozano v. City of Hazelton*, 620 F.3d 170, 184 n.14 (3rd Cir. 2010) (quoting *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333 (1977) (the court noted that the organization must allege that one member is suffering immediate injury as a result of the challenged action).

The Defendants do not explain in their Response why taxpayer standing is important to this suit. Taxpayer standing is an issue only if the plaintiff does not otherwise have some personal stake in the outcome of the suit. *See, e.g., Doe v. Duncanville ISD*, 70 F.3d 402, 408 (N.D. Tex. 1995) (Noting that without a direct, personal stake regarding the distribution of Gideon bibles, the court will then look toward taxpayer standing); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 477, 102 S.Ct. 752, 70 L.Ed.2d 254 (1982) (summarizing the caselaw on the issue of standing and expenditure of public funds, court notes the injury alleged is tax dollars; therefore, the analysis properly includes taxpayer cases); *Wright v. O'Day*, 706 F.3d 769, 772 (6th Cir. 2013) (When the plaintiff is an object of the challenged action, there is ordinarily little question that the action or inaction has caused him injury). The Defendants have not construed the facts of the Third Amended Complaint in favor of the Plaintiffs when it concludes that taxpayer standing is important.

Certainly taxpayer standing is recognized to the extent it is coupled with a specific injury. *See Immigration Reform Coalition of Texas v. Texas*, 706 F.Supp.2d 760, 763-764 (N.D.Tex. 2010). Plaintiff Lane does pay municipal property taxes. If the Court will deny the motion for leave to submit Fourth Amended Complaint because the allegations do not include a statement that Plaintiff Lane does actually pay municipal taxes, the Plaintiffs ask that they be allowed to amend their Complaint to reflect Ms. Lane's status as a municipal taxpayer.

Showing direct economic harm has been developed as a legal construct to

8

determine whether persons with an indirect connection to a governmental action have standing to challenge a given act. *See. e.g., U.S. v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 686, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973) (Construing "injury in fact" to not necessarily be restricted to economic harm. It can also include aesthetics, such that quality of life is one factor in assessing "injury in fact").

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Claims for violations of procedural rights are treated uniquely under the standing inquiry. The person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy. However, in order to sustain a claim for procedural injury for standing purposes, "the procedures in question [must be] designed to protect some threatened concrete interest of [plaintiff's] that is the ultimate basis of his standing." *Parsons v. U.S. Dept. of Justice*, 801 F.3d 701, 712 (6th Cir. 2015) (and cases cited therein). The plaintiff must suffer a concrete injury as a result of the disregarded procedural requirement. *Id.*; *Wright v. O'Day*, 706 F.3d 769, 771-772 (6th Cir. 2013) (Finding that freedom placement on a registry of child abusers is sufficiently concrete to establish standing for a procedural due process requirement).

In *Parsons*, the court found that placement of the "Juggalos," fans of a musical art group, on a national crime data base and identified as a criminal gang by the FBI is sufficiently concrete to establish a procedural injury in fact. *Parsons*, at 713. The plaintiffs may assert claims of First Amendment violation under the due process clause. *Id.* Similarly here, the City violated the ASJ chapter procedural due process rights when it took away their monument and time capsule. The ASJ chapter and its members have standing simply because the City disregarded their procedural rights when it took away their monument and their time capsule. The Defendants have again failed to construe the pleaded facts in favor of the Plaintiffs.

WHEREFORE, Plaintiffs pray that they be allowed to submit their Third Amended Complaint, attached to Plaintiffs' Motion for Leave (Dkt. #9); and for all relief,

at law and in equity, to which they may be entitled.

.

                Respectfully submitted,

_____
Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
110 Broadway, Suite 420
San Antonio, Texas 78205
(210) 736-1110
(210) 745-4258 Fax
tom@cranelawyer.net

Attorney for Plaintiffs

Certificate of Service

I certify that a true copy of the foregoing instrument was electronically filed on the 15th day of February, 2018 with the Clerk of Court using the CM/ECF system which will send notice of such filing to the following counsel:

Shawn Fitzpatrick
Fitzpatrick & Kosanovich
P.O. Box 831121
San Antonio, Texas 78283-1121

_____
Thomas J. Crane