UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA L. POOLE, MONICA AYALA, and ROBERT GONGORA | § | |
| v. | § | CIVIL ACTION NO. |
| DHIRU HOSPITALITY, LLC, d/b/a MOTEL 6 | § | SA- 18-CV-636 |
| | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Rebecca L. Poole, Monica Ayala, and Robert Gongora, submit this, their Original Complaint, and show as follows:

### I.
### Preliminary Statement

1. This lawsuit seeks damages against Defendant for violations of the Fair Labor Standards Act ("FLSA") as amended. Ms. Poole, Ms. Ayala and Mr. Gongora seek to recover unpaid overtime, statutory liquidated damages, and reasonable attorney's fees.

### II.
### Jurisdiction

2. This Court has jurisdiction over the subject matter of this action under § 16(b) of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

### III.
### Parties

4. Plaintiff, Rebecca L. Poole is an individual residing in San Antonio, Texas. Ms. Poole was employed by Defendant from approximately June, 2017 to January, 2018 during which time she performed front desk duties for Defendant and worked as an assistant manager.

5. Plaintiff, Monica Ayala is an individual residing in San Antonio, Texas. Ms. Ayala was employed by Defendant from approximately August, 2016 to February, 2018 during which time she performed housekeeping duties for Defendant.

6. Plaintiff, Robert Gongora is an individual residing in San Antonio, Texas. Mr. Gongora was employed by Defendant from approximately August, 2016 to February, 2018 during which time he performed housekeeping, maintenance and security duties for Defendant.

7. Defendant Dhiru Hospitality, LLC d/b/a Motel 6 is a domestic corporation that can be served by serving its registered agent: Nilesh Patel, 6015 Interstate Ten West, San Antonio, Texas 78201. The principal place of business for Dhiru Hospitality is located at 6105 West Interstate Ten, San Antonio, Texas 78201. The principal owner is Nilesh "Andy" Patel.

8. At all times during Poole's employment, Defendant was an employer of Ms. Poole as defined by 29 U.S.C. §203(d).

9. At all times during Ayala's employment, Defendant was an employer of Ms. Ayala as defined by 29 U.S.C. §203(d).

10. At all times during Gongora's employment, Defendant was an employer of Mr. Gongora as defined by 29 U.S.C. §203(d).

### III.
### Facts

11. At all times hereinafter mentioned, Defendant has employed persons engaged in commerce as defined within the meaning of 29 U.S.C. §203(b); and/or has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

### Rebecca Poole

12. From approximately June, 2017 to January, 2018, Rebecca Poole performed primarily front desk duties and some duties as assistant manager for Defendant. During the duration of her employment with Defendant, Defendant paid Ms. Poole by the week.

13. Regularly and frequently during her employment with Defendant, Ms. Poole worked at least 48 hours per workweek.

14. From June, 2017 to January, 2018, Defendant paid Ms. Poole $200 per week, regardless of overtime worked.

15. Defendant provided Ms. Poole with a room, but the fair value of that lodging still brings her pay below the minimum wage and well below the legitimate overtime pay she should have received.

16. Ms. Poole did not receive a paycheck at all for some weeks.

## Monica Ayala

17. From approximately August, 2016 to February, 2018, Monica Ayala performed housekeeping duties for Defendant. During the duration of her employment with Defendant, Defendant did not pay Ms. Ayala.

18. Regularly and frequently during her employment with Defendant, Ms. Ayala worked at least 42 hours per workweek.

19. From August, 2016 to February, 2018, Defendant did not pay Ms. Ayala, at all. Monica Ayala and Robert Gongora are common-law married.

20. Defendant provided Ms. Ayala with a room, but the fair value of that lodging still brings her pay well below the minimum wage.

## Robert Gongora

21. From approximately August, 2016 to February, 2018, Robert Gongora performed housekeeping, maintenance and security duties for Defendant. During the duration of his employment with Defendant, Defendant paid Mr. Gongora less than minimum wage.

22. Regularly and frequently during her employment with Defendant, Mr. Gongora worked at least 42 hours per workweek.

23. From August, 2016 to February, 2018, Defendant paid Mr. Gongora $125 per workweek, regardless of overtime worked. Monica Ayala and Robert Gongora are common-law married.

24. Defendant provided Mr. Gongora with a room, but the fair value of that lodging still brings his pay below the minimum wage and well below the legitimate overtime pay he should have received.

25. Mr. Gongora did not receive a paycheck at all for some weeks.

3

IV.

Claims for Relief

FLSA: Overtime and "Straight Pay"

26. Plaintiff re-alleges and incorporates by reference above paragraphs I-III.

27. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs Poole, Ayala and Gongora.

28. Defendant failed to pay Ms. Poole and Mr. Gongora one and one-half times their regular rate of pay for hours that Poole and Gongora worked over 40 hours in a workweek. *See* 29 U.S.C. §207(a).

29. Defendant failed to pay Ms. Ayala her regular rate of pay for hours that Ayala worked in a workweek. *See* 29 U.S.C. §206(a). Ms. Ayala performed this work at the request of the Defendant.

30. As a result of Defendant's unlawful acts, Plaintiffs Poole and Gongora have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

31. As a result of Defendant's unlawful acts, Plaintiff Ayala has been deprived of the regular rate of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

32. Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that the practices described herein are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs Poole, Ayala, and Gongora.

33. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

V.

34. Plaintiff requests a jury trial on all issues triable by a jury.

WHEREFORE, Plaintiffs pray for:

(a) actual damages for unpaid overtime wages under the Fair Labor Standards Act, as amended;

(b) liquidated damages as provided by the FLSA;

(c) attorney's fees under the Fair Labor Standards Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) Such other and further relief, at law and in equity, as the Court deems necessary and appropriate to correct the violations of law complained of above.

Respectfully submitted,

*/s/ Thomas J. Crane*
Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
110 Broadway, Suite 420
San Antonio, Texas 78201
(210) 736-1110
(210) 745-4258 Fax
tom@cranelawyer.net

Attorney for Plaintiffs