**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALBERT SIDNEY JOHNSTON CHAPTER, CHAPTER NO. 2060, UNITED DAUGHTERS OF THE CONFEDERACY; ROBIN TERRAZAS, PRESIDENT; AND JEAN CAROL LANE, FIRST VICE PRESIDENT;** | § § § § § § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| **RON NIRENBERG, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF SAN ANTONIO; CITY OF SAN ANTONIO, ROBERT TREVINO, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; WILLIAM SHAW, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; REBECCA VIAGRAN, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; REY SALDANA, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; SHIRLEY GONZALES, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; GREG BROCKHOUSE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; ANA SANDOVAL, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; MANNY PALAEZ, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL; AND JOHN COURAGE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE SAN ANTONIO CITY COUNCIL;** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL NO. SA-17-CV-1072-DAE** |
| *Defendants.* | | |

## ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiffs' Second Motion to Strike Defendant's Designation of Expert Witness [#89]. The motion was referred to the undersigned for disposition on September 24, 2018 pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. In reviewing the motion, the Court has also considered Defendant's Response to Plaintiffs' Second Motion to Strike [#92]. The Court held a hearing on the motion on October 9, 2018, at which the parties were present as represented by counsel. After considering the motion and response, the record in this case, and the arguments of counsel at the hearing, the Court will **GRANT** Plaintiffs' Motion [#89].[1]

## I. Background

Again, this case concerns the removal of a monument to a Confederate soldier from a public park in San Antonio. Plaintiffs are a local San Antonio Chapter of the United Daughters of the Confederacy and various officers of the Chapter. Plaintiffs sue the City of San Antonio, the Mayor of the City of San Antonio, and the individual City Council members who voted for the removal of the monument pursuant to 42 U.S.C. § 1983 for violations of the First, Fifth, and Fourteenth Amendments and assert a Texas-law claim of conversion. (Third Am. Compl. [#43].) Plaintiffs seek the return of the monument and damages.

By their motion, Plaintiffs ask the Court to strike the testimony of Charles Zech, an expert designated by Defendant the City of San Antonio. (Expert Designation [#70] at 3.) Zech is a partner in the law firm of Denton, Nevarro, Rocha, Bernal & Zech P.C., where he is the attorney in charge of the law firm's municipal law practice. (Zech Expert Report [#89-1] at 1.)

---

[1] The Court notes that it orally denied Plaintiffs' First Motion to Strike Defendant's Designation of Expert Witness [#85] at the close of the October 9, 2018 hearing.

Zech has over 17 years of experience in municipal law and as a city attorney advising cities on regulatory, due process, first amendment, and government functions issues. (*Id.*)

Zech's expert report contains the following opinions: (1) a city council does not have the power to legally bind the decisions of future city councils; (2) ordinances adopted by one city council may be amended by a subsequent city council; (3) Plaintiffs' due process rights were satisfied by the City Council's process leading up to the removal of the monument; and (4) a City's placement and maintenance of a monument in a public park is government speech not subject to restrictions of the Free Speech Clause even if the monument was donated by a private entity; and (5) the decision of whether and where to display monuments in a public park is a governmental function that falls under the maintenance and operations of public parks. (*Id.* at 2–7.) Plaintiffs argue that Mr. Zech should not be permitted to testify as an expert because his opinions are inadmissible legal opinions on ultimate legal issues in this case.

In response, the City agrees with Plaintiffs that Mr. Zech should not be permitted to testify as to the legal ability of one city council to bind its successors, the legal standard for reviewing governmental decisions about government speech and public displays, and whether municipal monumental displays are governmental or proprietary. The City concedes that these opinions are conclusions of law. The City argues, however, that Mr. Zech should be permitted to testify as to one matter—that Plaintiffs received adequate due process preceding the removal of the monument. The City maintains that this testimony relates to a fact question, not a legal issue.

## II.  Legal Standard

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), the Supreme Court held that trial judges must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Subsequent to *Daubert*, Rule 702 of the Federal Rules of

Evidence was amended to provide that a witness "qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue, (2) the testimony is based upon sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The *Daubert* analysis applies to all proposed expert testimony, including nonscientific "technical" analysis and other "specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). A district court enjoys broad discretion in determining the admissibility of expert testimony, and such decisions will not be disturbed on appeal unless a ruling is "manifestly erroneous." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

### III. Analysis

Plaintiffs' Third Amended Complaint alleges that Defendants deprived them of their property without procedural due process in violation of the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. (Third Am. Compl. [#93] at 7–8.) Plaintiffs claim that the City omitted its normal processes and refused to include Plaintiffs in discussions about the monument and time capsule before their removal. (*Id.*)

To prevail on a takings claim or procedural due process claim under the Fifth Amendment, Plaintiffs first must establish that they have a protectable property interest in the monument and its contents. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 269 (5th Cir. 2012) (applying this rule to a takings claim); *Castle Rock v. Gonzales*, 545 U.S.

748, 756 (2005) (noting that "[t]he Due Process Clause does not protect everything that might be described as a benefit: To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.") (citation and internal quotation marks omitted). Once such a property interest has been established, three factors are evaluated and balanced to determine whether the process provided passes constitutional muster: (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedure used, and the probative value, if any, of addtiional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

Mr. Zech's report indicates that if he testifies, his testimony on due process would contain the following opinions:

- The factors set forth in *Mathews v. Eldride* would govern the procedural due process inquiry;

- The City Council held two separate meetings over a period of two weeks where the City Council debated and considered the removal of the monument;

- Both meetings were posted with sufficient notice for Plaintiffs to attend and Plaintiffs did attend;

- Plaintiffs had an opportunity to be heard at both meetings and in fact voiced their position on the removal;

- This opportunity to be heard has been held to be meaningful as to time and manner under analogous case law concerning the removal of a monument in a case from the Eastern District of Louisiana,"where the Court held, on similar facts, that Plaintiffs participation and speaking at two separate public meetings discussing an ordinance to remove a monument was considered a meaningful opportunity to be heard";

- Plaintiffs' due process rights were satisfied.

(Zech Expert Report [#89-1] at 5–6.)  The Court, in its discretion, finds that these opinions will not help the trier of fact understand the evidence in this case or determine a fact issue, *see* Fed. R. Evid. 702(a), and improperly invade the province of the judge and jury.

First, this Court, not Mr. Zech, is responsible for instructing the jury on the law governing this case.  *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.") (quoting *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) (internal citations omitted)).  By opining on the legal standards governing this case and articulating the *Mathews* factors for the jury, Mr. Zech improperly assumes the role of judge in this case.  The Court will not permit Mr. Zech to testify as a legal expert as to the contours of federal law on procedural due process or as to what standards should apply in this case.

Secondly, the majority of opinions in Mr. Zech's expert report are simply not helpful to the jury, in that they merely restate facts that any layperson would be able to easily comprehend without the assistance of an expert.  The Advisory Committee Notes for Rule 702 explain that "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."  Fed. R. Evid. 702 advisory committee's notes (internal quotation omitted).  Mr. Zech's opinions can be distilled to the following:  the City had two meetings, of which Plaintiffs were given notice and chose to attend, and at which Plaintiffs were both given the opportunity to be heard and expressed their opinions.  These facts will undoubtedly be placed into evidence by lay witnesses, and no legal expert is required to communicate them to or illuminate them for the jury.

Third, Mr. Zech's legal opinion that the facts in this case are analogous to a case from the Eastern District of Louisiana reads more like a section of a summary judgment brief than an expert report and expresses nothing more than his legal opinion that the conclusions of the Louisina federal court comport with his view of the law on procedural due process. Again, it is the Court's role to instruct the jury on the law applicable to this case, not Mr. Zech's or the Louisiana court's. Moreover, this part of Mr. Zech's opinion is likely to confuse the jury, as Mr. Zech does not disclose in his opinion that the posture of that case was on a motion for a preliminary injunction where the Court was not addressing the ultimate merits of the case, only whether the plaintiffs had demonstrated a likelihood of sucess on the merits of their procedural due process claim for purposes of their motion for preliminary relief. *See Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 598 (E.D. La. 2016), *aff'd sub nom. Monumental Task Comm., Inc. v. Chao*, 678 Fed. App'x 250 (5th Cir. 2017). The Louisiana court did not hold that as a matter of law the process plaintiffs were afforded comported with due process.

Finally, the Court will not permit Mr. Zech to opine on the ultimate issue in this case that Plaintiffs' procedural due process rights were satisfied by the process the City Council afforded them. Although expert testimony is not objectionable solely because "it embraces an ultimate issue to be decided by the trier of fact," *see* Fed. R. Evid. 704(a), experts are not permitted to render conclusions of law, *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Allowing Mr. Zech to testify that Plaintiffs' due process rights were satisfied falls into the gray area where ultimate issues of fact track closely with legal conclusions and therefore invades the province of the factfinder. *See Owen*, 698 F.2d at 240. Where a witness's testimony expresses an ultimate view on whether the underlying conduct in a case violated the Constitution, this opinion is no longer only a fact-based opinion but a statement of legal conclusion. *See United*

*States v. Teel*, 299 Fed. App'x 387, 389 (5th Cir. 2008) ("We further conclude that the district court properly barred Teel's expert from going beyond consideration of the conduct to offer legal conclusions regarding whether the assault on Williams constituted excessive force.").

Although "merely being a lawyer does not disqualify one as an expert witness," a lawyer may only testify as an expert where the proposed testimony involves questions of fact. *Askanase*, 130 F.3d at 672. As the Court has already explained, Mr. Zech's proposed testimony will not assist the trier of fact on the questions of fact before it and his testimony on the ultimate question of a due process violation is an impermissible legal conclusion. Accordingly, the Court will grant Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Strike Defendant's Designation of Expert Witness [#89] is **GRANTED**.

SIGNED this 18th day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE