IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT SIDNEY JOHNSTON CHAPTER, CHAPTER NO. 2060, UNITED DAUGHTERS OF THE CONFEDERACY; ROBIN TERRAZAS, PRESIDENT; AND JEAN CAROL LANE, FIRST VICE PRESIDENT; | § § § § § § § § § § § § § § § | CIVIL NO. SA-17-CV-1072-DAE |
| *Plaintiffs,* | | |
| vs. | | |
| CITY OF SAN ANTONIO, | | |
| *Defendant.* | | |

**ORDER**

Before the Court in the above-styled cause of action is the Motion for Court-Supervised Donation Agreement filed by the City of San Antonio [#147], which was referred to the undersigned for disposition on September 16, 2019. The Court held a hearing on the motion on October 8, 2019, at which all parties appeared through counsel. For the reasons that follow, the Court will deny the motion.

This case concerns the removal of a monument to a Confederate soldier from Travis Park in downtown San Antonio. Plaintiffs are the Albert Sidney Johnston No. 2060 Chapter of the United Daughters of the Confederacy ("ASJ") and various officers of the Chapter. Plaintiffs sue the City of San Antonio, the Mayor of the City of San Antonio, and the individual City Council members who voted for the removal of the monument. Plaintiffs contend that from 1896 to 1900 the Barnard E. Bee Chapter of the Daughters of the Confederacy (ASJ's predecessor) raised money to erect the monument to honor the Confederate dead and placed a time capsule under the monument's foundation. (Third Am. Compl. [#43] at ¶ 1.) Plaintiffs believe the time capsule

1

contains the roster of the chapter, Confederate bills and coins, a Confederate flag, pressed flowers from a Confederate coffin, daily newspapers, and an Old Testament used by a Southern prisoner during the Civil War. (*Id.* at ¶ 2.) Plaintiffs allege that the San Antonio City Council passed an ordinance on March 27, 1899, granting the Barnard Bee Chapter the right to use the land in the center of Travis Park for the placement of the monument in perpetuity. (*Id.* at ¶ 5.)

The San Antonio City Council voted to remove the monument from Travis Park on August 31, 2017 and approved Ordinance No. 17-4900 authorizing the removal. (*Id.* at ¶ 10.) The Sons of Confederate Veterans filed a lawsuit to stop the removal, styled *Brewer, et al. v. Nirenberg, et al.*, 5:17-CV-837-DAE, but were unsuccessful.[1] (*Id.* at ¶ 13.) The monument and cannons flanking the monument were removed that same day. (*Id.*) Plaintiffs contend the monument was and is the property of the United Daughters of the Confederacy, the Barnard Bee Chapter, and ASJ, and they also claim that the City Council failed to include Plaintiffs in discussions about the monument's removal. (*Id.* at ¶ 14.)

Plaintiffs' lawsuit asserts that the acts of Defendants constitute violations of the First, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and conversion under Texas law. (*Id.* at 6–8.) Plaintiffs allege Ordinance No. 17-4900 is unconstitutional under the First Amendment because it curbs Plaintiffs' right to exercise free speech on its private property—the land underneath the monument that was allegedly given to the Barnard Bee Chapter. Plaintiffs believe the removal of the monument resulted in the taking of its real property without due compensation or procedural due process. Plaintiffs' Third Amended Complaint seeks the "[r]eturn of its property, or just compensation for the loss of its property," compensatory damages, punitive damages, and an injunction prohibiting Defendants "from depriving Plaintiffs

---

[1] The case is currently on appeal before the Fifth Circuit.

of their use of the Travis Park property and that the monument and time capsule be replaced in Travis Park," and a declaratory judgment that "Plaintiffs have right to use of the land in Travis Park for the Confederate monument." (*Id.* at 8–9.)

This lawsuit has now been pending for almost two years. The District Court has twice denied Plaintiffs' motions for a preliminary injunction, concluding that Plaintiffs failed to demonstrate a likelihood of success on the merits of their constitutional claims or a cognizable property interest in the land and time capsule. (Orders Denying Preliminary Injunction [#23, #83].) However, the District Court has issued several orders to ensure the conservation of the monument and the time capsule during the pendency of this litigation. The City moved the cornerstone containing the time capsule to a climate-controlled facility in August 2018 to prevent its degradation. (Advisory [#78].) The Court subsequently ordered the City to protect the contents of the time capsule and appointed a special master to oversee their conservation. (Orders [#83, #114].) The special master will open the time capsule on October 26, 2019. (Order [#154].) There are now two dispositive motions pending before the District Court. Plaintiffs move for partial summary judgment, arguing that the evidence establishes their ownership of the statue and an easement in the land beneath it. (Pls.' Mtn. for Summ. J. [#132].) Defendants move for summary judgment, arguing all of Plaintiffs' claims fail as a matter of law because there is no evidence of ownership of land or property interest with respect to the monument and the land upon which it is situated. (Def's. Mtn. for Summ. J. [#133].)

Against this procedural history, the City filed the motion currently before the Court—Defendant's Motion for Court-Supervised Donation Agreement [#147]. By its motion, the City asks the Court to supervise the execution of a donation agreement by which the City would donate the monument to ASJ, including its cornerstone, and transport the monument a distance

of up to 100 miles from the City's center at the City's expense to premises owned or occupied by ASJ or another location specified in writing by ASJ. Plaintiffs responded to the motion highlighting their issues with the proposed agreement and proposing a modified agreement. The parties filed an Advisory prior to the Court's scheduled hearing on the City's motion indicating they still could not come to an agreement as to any donation of the monument [#156].

At the Court's hearing on the City's motion, the City conceded that the Court lacked authority to compel Plaintiffs to submit to the proposed agreement or to accept donation of the monument and cornerstone. And Plaintiffs voiced their continued opposition to the proposed agreement at this juncture. However, although the parties both acknowledged that a donation of the monument would not resolve all outstanding merits issues in this suit, they also agreed that both sets of parties would inure benefits from the transfer of possession and ownership of the monument and cornerstone to Plaintiffs at this stage in the litigation.

Part of the relief requested by Plaintiffs in their Third Amended Complaint is the return of their property. The proposed donation agreement transfers the monument into Plaintiffs' possession as one of its terms. Notably, the District Court has expressed skepticism as to the validity of Plaintiffs' ownership interest in the monument and real property at issue and is poised to issue a final ruling on the cross-motions for summary judgment that are currently pending. If the District Court rules in favor of the City, any appeal by Plaintiffs of an unfavorable ruling to the Fifth Circuit could extend this litigation out for another year or more, during which time the City would no longer be required to conserve the monument or hold it for a future possible return to Plaintiffs.

Moreover, even if Plaintiffs were to ultimately prevail before the District Court on appeal, it is unlikely that they would receive all the relief they seek, particularly the desire for the

monument to be returned to the center of Travis Park in downtown San Antonio. More likely remedies include the transfer of the monument into Plaintiffs' possession (*i.e.*, what the City is offering here); the award of some compensation to Plaintiffs; and/or an order for the City Council to provide substitute procedural due process. Accordingly, although the undersigned must deny the motion in light of the parties' lack of agreement as to its terms, the undersigned will order the parties to confer once again on a possible agreement to transfer the monument from the City's possession and control to the Plaintiffs' possession and control and file an advisory to the Court within two weeks of this Order.

**IT IS THEREFORE ORDERED** that the City of San Antonio's Motion for Court-Supervised Donation Agreement [#147] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties confer about the issues raised in the City's motion, the advantages of a donation at this stage in the litigation, and the terms of the proposed agreement, and **file a joint advisory via CM/ECF no later than October 23, 2019** that indicates whether there were able to reach some form of agreement.

**IT IS SO ORDERED.**

SIGNED this 9th day of October, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE